## KING vs. WHITELY.

Where the grantee of the equity of redemption in mortgaged premises, who was neither legally nor equitably interested in the payment of the bond and mortgage, except so far as the same was a charge upon his interest in the premises, conveyed the mortgaged premises subject to the mortgage, and the conveyance recited that the grantees therein assumed the payment of the mortgage, and were to pay off the same as a part of the consideration of such conveyance; *Held*, that as the grantor in that conveyance was not personally liable to the holder of the mortgage to pay the same, the grantees were not liable to the holder of such mortgage for the deficiency, upon a foreclosure and sale of the mortgaged premises.

*Held also*, that if the grantor in the conveyance had been personally liable to the holder of the mortgage, for the payment of the mortgage debt, the holder of such mortgage would in equity have been entitled to the benefit of the agreement recited in such conveyance to pay off the mortgage; and would, in that case, have been entitled to a decree over against such grantees, for the deficiency.

Courts will give effect to stipulations in marriage settlements, and in other contracts of a similar nature, in favor of third persons for whose special use and benefit such stipulations were intended, although such third persons were not parties to the contracts. But in all such cases the decision of the court is placed upon the ground that the person who obtained the stipulation, and from whom the consideration of the stipulation or promise of the other party to the contract proceeded, intended it as a gift or gratuity to the person in whose favor the stipulation was to be performed, and who was particularly named or referred to in the agreement as the person intended to be benefitted by such stipulation.

THIS was an appeal by the complainant from so much of the decision and decree of the late assistant vice chancellor of the first circuit, as related to the liability of the

November 21.

respondents, Whitely and Close, for the deficiency of a mortgage debt, after exhausting the proceeds of the sale of the mortgaged premises. The premises were mortgaged by the defendant Wadsworth, on the 10th of June, 1835, to J. G. Pearson, to secure the payment of $2600 in two years, with semi-annual interest, at the rate of six per cent per annum. And the bond and mortgage were assigned by Pearson to J. G. King, the appellant. In July, 1836, E. Wilkes conveyed the mortgaged premises to Whitely and Close, together with other real estate, subject to the mortgages thereon; and the conveyance to them recited that the grantees assumed the payment of such mortgages, and were to pay them off, as a part of the consideration of the conveyance. But it was not charged in the bill in this case, nor did it appear from the proofs, how or from whom Wilkes obtained his title to the mortgaged premises, or that he was under any obligation to pay off and discharge the complainant's mortgage, if the proceeds of the sale of the premises under the decree of foreclosure should prove insufficient for that purpose. The complainant alleged in his bill that by an agreement made between him and Whitely, one of the respondents, and endorsed upon the mortgage, the time of payment was extended one year, and that the interest was to be paid at the rate of seven per cent. And Whitely, in his answer, admitted that he agreed with the complainant that if he would refrain from exercising his right to foreclose the mortgage for one year, he would pay him seven per cent interest upon the mortgage money during that period; and that he paid it accordingly. But both of the respondents denied that the equity of redemption was conveyed to them by Wadsworth, the mortgagor, or by any other person who was personally liable for the payment of the bond and mortgage; or that they ever agreed with the complainant, or Pearson, to become personally liable for the payment of the mortgage debt, or that the provision in the conveyance from Wilkes was inserted therein for the benefit of the mortgagee or his assignee. The alleged agreement endorsed upon the

mortgage and signed by the complainant and Whitely was as follows: " The term of payment on this mortgage is extended to 10th June, 1838, upon seven per cent interest from 10th June, 1837."

The assistant vice chancellor decided that the respondents were not personally liable to the complainant for the deficiency, if any there should be, upon the sale of the mortgaged premises; Whitely having paid the seven per cent interest upon the mortgage, for the year, according to his agreement with the complainant.

*J. Blunt*, for the appellant.

*John Wallis*, for the respondents.

THE CHANCELLOR. The agreement between the complainant and Whitely, endorsed upon the mortgage, could only render the latter liable for the payment of the interest, at the rate of seven per cent, during the time of the extension agreed upon. The only question in this case, therefore, is whether the complainant is entitled to the benefit of an agreement made between the respondents and Wilkes, who does not appear to have been liable for the payment of the mortgage debt, or to have had any interest in discharging the mortgage, except so far as it was an incumbrance upon the premises which he conveyed to them. Indeed the answer expressly denied the personal liability of Wilkes; and no proof whatever was introduced to show that he was under an obligation to any one to pay off and discharge the mortgage, or to satisfy any deficiency which might exist upon the foreclosure and sale under the mortgage.

In *Halsey* v. *Reed*, (9 *Paige's Rep.* 446,) I came to the conclusion that the acceptance, by the grantee, of a conveyance which contained a recital that he was to pay off and discharge an existing incumbrance upon the premises conveyed, as in this case, was evidence of such an agreement between him and the grantor; although the grantee

1843.

King
v.
Whitely.

had not himself executed the conveyance. It was also decided in that case, as well as in the previous case of *Curtis* v. *Tyler & Allen*, (*Idem*, 432,) that where the grantor in such a conveyance was personally liable for the payment of the incumbrance, the grantee became the principal debtor, by such an agreement ; and that the grantor stood in the situation of a mere surety for him, as to the payment of such incumbrance, so as to give the holder of the incumbrance a right in equity to resort to the grantee for payment, if the premises upon which it was a lien should prove insufficient for that purpose. But the principle upon which the decisions in those cases, and in others of the same class, are founded, does not apply to a promise made to a third person who is not personally liable, either at law or in equity, to the holder of the incumbrance; and who is under no obligation to any one for its payment. The principle of all those cases is that in equity the creditor is entitled to the benefit of all collateral obligations, for the payment of the debt, which a person standing in the situation of a surety for others has received for his indemnity, and to relieve him or his property from liability for such payment. (*See* 9 *Paige's Rep.* 435, *and the cases there referred to.*)

There is another class of cases in which the courts give effect to stipulations in marriage settlements, and in other contracts of a similar nature, in favor of third persons for whose particular and special benefit the stipulations were intended ; although such persons were not parties to the contracts. (*Bleeker* v. *Bingham*, 3 *Paige's Rep.* 246.) And in the case of *Dutton and wife* v. *Poole*, (1 *Vent. Rep.* 318, 332,) the court of king's bench permitted the daughter to maintain an action of assumpsit, upon a promise made to her father, to pay a sum of money to such daughter, upon a consideration between the promissor and the father. The court in that case, however, put its decision upon the ground of the relationship between the father and his child ; and said the decision might have been otherwise if the payment had been required to be made to a stran-

ger. A similar decision was made by the supreme court of this state, in *Schermerhorn* v. *Vanderheyden*, (1 *John. Rep.* 139,) where a promise was made to the father, to deliver a desk to his daughter, upon a consideration paid by the father to the promissor. (*See also Starkey* v. *Mill*, *Style's Rep.* 296.) These cases, however, all rest upon the ground that the person obtaining the promise, and from whom the consideration proceeded, intended it as a gift to the person in whose favor the stipulation was to be performed; and who was particularly named or referred to in the agreement as the person intended to be benefitted thereby.

In the case under consideration, there was no promise to pay the bond and mortgage to the complainant, for his benefit. Nor was there any agreement in writing, signed by the respondents, to render them liable for the deficiency; which deficiency, from the papers before the assistant vice chancellor, appears to have been the personal debt of the mortgagor only. As there is nothing to show that Wilkes was under any obligation to pay off the mortgage, or that he intended to benefit either the mortgagor or the mortgagee, by the agreement with the respondents, recited in the conveyance to them, that agreement must be construed as a mere declaration that the property was conveyed to them subject to the lien of the mortgages thereon; and that the general covenants of seizin and warranty, in the conveyance, were not intended to extend to these particular incumbrances, of which the grantees assumed the payment in case they should wish to retain the title to the lands conveyed to them.

For these reasons I think the complainant failed in showing that the respondents Whitely and Close were personally liable to him for the deficiency, if any there should be, upon the sale of the mortgaged premises. The part of the decree appealed from must therefore be affirmed with costs.