CHARLES W. VROOMAN, Guardian, etc., Respondent, *v.* HARRIET B. TURNER, Impleaded, etc., Appellant.

A grantee of mortgaged premises whose conveyance recites that the land is conveyed subject to the mortgage, and that the grantee assumes and agrees to pay the same as part of the consideration, is not liable for a deficiency arising upon a foreclosure and sale, in case the grantor was not personally liable, legally or equitably, for the payment of the mortgage.

A mere stranger cannot claim the benefit of a contract between other parties; to entitle a third person to such a benefit there must be either a new consideration or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement.

The cases similar to *Lawrence* v. *Fox* (20 N. Y., 268), holding that a promise to one for the benefit of a third person may avail to give an action to the latter against the promissor, collated and distinguished.

*Vrooman* v. *Turner* (8 Hun, 78), reversed in part.

(Argued April 2, 1877; decided April 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 8 Hun, 78.)

This was an action to foreclose a mortgage.

The mortgage was executed in August, 1873, by defendant Evans, who then owned the mortgaged premises. He conveyed the same to one Mitchell, and through various *mesne* conveyances the title came to one Sanborn. In none of these conveyances did the grantee assume to pay the mortgage. Sanborn conveyed the same to defendant Harriet

B. Turner, by deed which contained a clause stating that the conveyance was subject to the mortgage, " which mortgage the party hereto of the second part hereby covenants and agrees to pay off and discharge, the same forming part of the consideration thereof."

The referee found that said grantee, by so assuming payment of the mortgage, became personally liable therefor, and directed judgment against her for any deficiency. Judgment was entered accordingly.

*Edward T. Bartlett*, for the appellant. The appellant's covenant with Sanborn to assume the mortgage in suit did not constitute a cause of action. (*King* v. *Whitely*, 10 Paige, 465; *Trotter* v. *Hughes*, 12 N. Y., 74; *Garnsey* v. *Rogers*, 47 id., 233; *Schermerhorn* v. *Vanderheyden*, 1 J. R., 140; *Farley* v. *Cleveland*, 4 Cow., 432; *Barker* v. *Bucklin*, 2 Den., 45; *D. & H. Canal Co.* v. *West. Co. Bank*, 4 id., 97; *Hall* v. *Robbins*, 6 Barb., 33; *Barker* v. *Bradley*, 42 N. Y., 316; *Claflin* v. *Ostrom*, 54 id., 581; *Glen* v. *Hope Mut. L. Ins. Co.*, 56 id., 379; *Ricard* v. *Sanderson*, 41 id., 179; *Coster* v. *Mayor, etc.*, 43 id., 410; *Dingledein* v. *Third Ave. R. R. Co.*, 37 id., 575; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346; *Secor* v. *Lord*, 3 Keyes, 525.) The appellant, being a married woman, is not bound by the covenant in the deed from Sanborn to her. (*Chamberlain* v. *Parker*, 45 N. Y., 569; *Ballin* v. *Dillaye*, 37 id., 35; *White* v. *Mc-Nett*, 33 id., 371; *Yale* v. *Dederer*, 22 id., 450; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 613.)

*N. H. Clement*, for the respondent. The appellant was liable on her covenant. (*Thorpe* v. *Keokuk Coal Co.*, 48 N. Y., 253; *Coster* v. *Mayor, etc.*, 43 id., 411; *Secor* v. *Lord*, 3 Keyes, 525; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *Dingledein* v. *Third Ave. R. R. Co.*, 37 id., 575; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346; *Ricard* v. *Sanderson*, 41 id., 179; *Barker* v. *Bradley*, 42 id., 322; *Garnsey* v. *Rogers*, 47 id., 233.) The fact of the

appellant being a married woman did not relieve her from liability on her covenant. (*Frecking* v. *Rolland*, 53 N. Y., 425 ; *Ballin* v. *Dillaye*, 37 id., 35 ; *Maxon* v. *Scott*, 55 id., 247.)

ALLEN, J. The precise question presented by the appeal in this action has been twice before the courts of this State, and received the same solution in each. It first arose in *King* v. *Whitely*, 10 Paige, 465, decided in 1843. There the grantor of an equity of redemption in mortgaged premises, neither legally nor equitably interested in the payment of the bond and mortgage except so far as the same were a charge upon his interest in the lands, conveyed the lands subject to the mortgage, and the conveyance recited that the grantees therein assumed the mortgage, and were to pay off the same as a part of the consideration of such conveyance, and it was held that as the grantor in that conveyance was not personally liable to the holder of the mortgage to pay the same, the grantees were not liable to the holder of such mortgage for the deficiency upon a foreclosure and sale of the mortgaged premises. It was conceded by the chancellor that if the grantor had been personally liable to the holder of the mortgage for the payment of the mortgage debt, the holder of such mortgage would have been entitled in equity to the benefit of the agreement recited in such conveyance, to pay off the mortgage and to a decree over against the grantees for the deficiency. This would have been in accordance with a well establishsd rule in equity, which gives to the creditor the right of subrogation to and the benefit of any security held by a surety for the re-enforcement of the principal debt, and in the case supposed, and by force of the agreement recited in the conveyance, the grantee would have become the principal debtor, and the grantor would be a *quasi* surety for the payment of the mortgage debt. (*Halsey* v. *Reed*, 9 Paige, 446; *Curtis* v. *Tyler*, id., 432; *Burr* v. *Beers*, 24 N. Y., 178.)

*King* v. *Whitely* was followed, and the same rule applied

by an undivided court in *Trotter* v. *Hughes*, 12 N. Y., 74, and the same case was cited with approval in *Garnsey* v. *Rogers*, 47 N. Y., 233.

The clause in the conveyance in *Trotter* v. *Hughes* was not in terms precisely like that in *King* v. *Whitely*, or in the grant under consideration. The undertaking by the grantees to pay the mortgage debt as recited, was not in express terms, or as explicit as in the other conveyances. But the recital was, I think, sufficient to justify the inference of a promise to pay the debt, and so it must have been regarded by the court. The case was not distinguished by the court in any of its circumstances from *King* v. *Whitely*, but was supposed to be on all fours with and governed by it. Had the grantor in that case been personally bound for the payment of the debt, I am of the opinion that an action would have been sustained against the grantee upon a promise implied from the terms of the grant accepted by him to pay it, and indemnify the grantor. It must have been so regarded by this court, otherwise no question would have been made upon it, and the court would not have so seriously and ably fortified and applied the doctrine of *King* v. *Whitely*. A single suggestion that there was no undertaking by the grantee and no personal liability for the payment of the debt assumed by him, would have disposed of the claim to charge him for the deficiency upon the sale of the mortgaged premises. The rule which exempts the grantee of mortgaged premises subject to a mortgage, the payment of which is assumed in consideration of the conveyance as between him and his grantor, from liability to the holder of the mortgage when the grantee is not bound in law or equity for the payment of the mortgage, is founded in reason and principle, and is not inconsistent with that class of cases in which it has been held that a promise to one for the benefit of a third party may avail to give an action directly to the latter against the promissor, of which *Lawrence* v. *Fox* (20 N. Y., 268), is a prominent example. To give a third party who may derive a benefit from the performance of the

promise, an action, there must be, first, an intent by the promissee to secure some benefit to the third party, and second, some privity between the two, the promissee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally.

It is true there need be no privity between the promissor and the party claiming the benefit of the undertaking, neither is it necessary that the latter should be privy to the consideration of the promise, but it does not follow that a mere volunteer can avail himself of it. A legal obligation or duty of the promissee to him, will so connect him with the transaction as to be a substitute for any privity with the promissor, or the consideration of the promise, the obligation of the promissee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promissor. A mere stranger cannot intervene, and claim by action the benefit of a contract between other parties. There must be either a new consideration or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement.

It is said in *Garnsey* v. *Rodgers* (47 N. Y. 233), that it is not every promise made by one person to another from the performance of which a third person would derive a benefit that gives a right of action to such third person, he being privy neither to the contract nor the consideration. In the language of Judge RAPALLO, "to entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited." See, also, *Turk* v. *Ridge* (41 N. Y., 201), and *Merrill* v. *Green* (55 id., 270), in which, under similar agreements third parties sought to maintain an action upon engagements by the performance of which they would be benefited, but to which they were not parties, and failed. The courts are not inclined to extend the doctrine of *Lawrence* v. *Fox* to cases not clearly within

the principle of that decision. Judges have differed as to the principle upon which *Lawrence* v. *Fox* and kindred cases rest, but in every case in which an action has been sustained there has been a debt or duty owing by the promissee to the party claiming to sue upon the promise. Whether the decisions rest upon the doctrine of agency, the promissee being regarded as the agent for the third party, who, by bringing his action adopts his acts, or upon the doctrine of a trust, the promissor being regarded as having received money or other thing for the third party, is not material. In either case there must be a legal right, founded upon some obligation of the promissee, in the third party, to adopt and claim the promise as made for his benefit.

In *Lawrence* v. *Fox* a prominent question was made *in limine*, whether the debt from Halley to the plaintiff was sufficiently proved by the confession of Halley made at the time of the loan of the money to the defendant. It was assumed that if there was no debt proved the action would not lie, and the declaration of Halley the debtor was held sufficient evidence of the debt. GRAY, J., said : " All the defendant had the right to demand in this case was evidence which as between Halley and the plaintiff was competent to establish the relation between them of debtor and creditor." In *Burr* v. *Beers*,(24 N. Y., 178), and *Thorp* v. *Keokuk Coal Co.*, (48 N. Y., 253), the grantor of the defendant was personally liable to pay the mortgage to the plaintiff, and the cases were therefore clearly within the principle of *Lawrence* v. *Fox*, *Halsey* v. *Reed*, and *Curtis* v. *Tyler*, *supra*. See also per BOSWORTH, J., *Doolittle* v. *Naylor*, (2 Bos., 225); and *Ford* v. *David* (1 Bos., 569). It is claimed that *King* v. *Whitely* and the cases following it were overruled by *Lawrence* v. *Fox*. But it is very clear that it was not the intention to overrule them, and that the cases are not inconsistent. The doctrine of *Lawrence* v. *Fox*, although questioned and criticised, was not first adopted in this state by the decision of that case. It was expressly adjudged as early as 1825, in *Farley* v. *Cleveland*, (4 Cow., 432), affirmed in the court

for the correction of errors in 1827, *per totam curiam*, and reported in 9 Cow., 639. The chancellor was not ignorant of these decisions when he decided *King* v. *Whitely*, nor was Judge DENIO and his associates unaware of them when *Trotter* v. *Hughes* was decided, and Judge GRAY in *Lawrence* v. *Fox* says the case of *Farley* v. *Cleveland* had never been doubted.

The court below erred in giving judgment against the appellant for the deficiency after the sale of the mortgaged premises, and so much of the judgment as directs her to pay the same must be reversed with costs.

All concur, except EARL, J., dissenting.

Judgment accordingly.