TIMOTHY SMITH AND A. PALMER SMITH, RESPOND-
ENTS, v. MOSES H. CROSS AND MARY J. CROSS AND
OTHERS, APPELLANTS.

*When the grantee of premises assuming a mortgage thereon is not estopped from
setting up usury — when a party is not a "borrower," and not entitled to
affirmative relief.*

Cross & Wilson being partners in business, and owning as tenants in common
certain real estate, one Smith agreed to loan them $4,500 on receiving a *bonus* of
$500. Wilson accordingly conveyed his interest in the real estate to Cross, who
executed a bond and mortgage to Wilson for $5,000, which bond and mortgage
were assigned to the plaintiff, who paid $4,500 therefor. Thereafter Cross con-
veyed the property to one Maltby, by a deed absolute on its face, but which was
in fact a mortgage to secure indorsements, the deed containing no reference to
the mortgage. The notes being paid, Maltby reconveyed to the wife of Cross,
inserting without their knowledge a clause by which the wife assumed and
agreed to pay the mortgage.

In an action to foreclose the mortgage, *held*, that as Maltby was under no liability
to pay the mortgage, the clause inserted in his deed did not enure to the benefit
of the mortgagee, and that the grantee was not estopped from setting up the
defense of usury.

Both husband and wife set up the defense of usury, and asked for affirmative
relief. *Held*, that it could not be granted without a tender of the principal with
legal interest, as to the husband, because having parted with the title he ceased
to be a "borrower," and as to the wife, because she was not a "borrower" but
a grantee.

APPEAL from a judgment in favor of the plaintiff, entered
upon the report of a referee.

*D. O'Brian*, for the appellants.

*McCartin & Williams*, for the respondents,

TALCOTT, P. J.:

This is an appeal from a judgment rendered for the plaintiff on
the report of a referee. The action is to foreclose a mortgage
made by Moses H. Cross to Samuel Wilson on the 24th of August,
1872, conveying in mortgage certain premises in Watertown,
Jefferson county, to secure the payment of $5,000, according to

the condition of the bond accompanying the said mortgage. The mortgage was assigned by Wilson to one Timothy Smith and afterwards by the executors of Timothy Smith to McCartin and by McCartin to the plaintiff. The mortgagor, Moses H. Cross and his wife, Mary J. Cross, set up the defense of usury by separate answers. The mortgage was made in pursuance of an agreement between Timothy A. Smith, the first assignee, and the defendant, Moses H. Cross & Samuel Wilson (the said Cross & Wilson being then the owners in fee of the mortgaged premises and being also copartners in business), that Smith should loan to said Cross & Wilson, for their mutual benefit, the sum of $4,500 and that Smith should reserve and take as a bonus for the said loan the sum of $500. It was a part of the said usurious agreement that the loan and usurious interest should be secured as follows: Wilson was to convey to Cross his (Wilson's) undivided half of the premises, and thereupon Cross should execute his bond to Wilson, conditioned to secure the payment of $5,000 on the 24th of August, 1877, with lawful interest annually from the date of the bond, and should execute to Wilson as collateral to the said bond a mortgage, conveying the entire premises to Wilson in mortgage, conditioned for the payment of the bond, and that thereupon, on receipt of an assignment of the said bond and mortgage, Smith should lend and advance to said Cross & Wilson the sum of $4,500. This agreement was carried out on both sides.

Afterwards by a deed bearing date on the 3d day of June, 1873, and purporting to have been executed in consideration of $2,000, Cross and wife granted to Clark O. Maltby, in fee, the mortgaged premises. It does not appear that this deed contained any reference to the said mortgage. The said deed to Maltby, though in form an absolute conveyance in fee simple, was in fact to secure Maltby as an accommodation indorser on promissory notes made by the said Cross. The notes so indorsed having all been paid by Cross, he (Cross) then prepared and sent to Malby, for execution, a deed of the premises to Mary J. Cross, his wife, dated August 1, 1878. This deed, as prepared and forwarded by Cross to Malby, contained a covenant of seizin and against incumbrances. On receiving the proposed deed Maltby inserted, or caused to be inserted at the end of the covenant against incum-

brances, the following words : " Except a mortgage of $5,000, which the party of the second part assumes and agrees to pay as a part of the purchase-money." Maltby and wife then executed the deed to Mary J. Cross, and returned it to Cross, who caused it to be recorded and retained it in his possession up to the time of the trial of this cause. It does not appear that Mrs. Cross ever examined or saw the deed from Maltby and wife to her. The referee has held that neither Cross nor his wife can set up the defense of usury against the mortgage in suit, because of the provision in the deed from Maltby and wife to Mary J. Cross, whereby the latter assumes and agrees to pay the mortgage in question.

In this ruling we think the referee erred. It is unquestionably settled that the grantee of land subject to a usurious mortgage, who assumes and agrees to pay it as a part of the purchase-price, when the price paid to the vendor has been diminished by the amount of the mortgage, cannot set up as a defense against the mortgage that the same was given upon a usurious contract between the vendor or his predecessors and the mortgagee, and this is upon the ground that on the purchase an allowance was made out of the purchase-money sufficient to pay the mortgage, and that the vendor has appropriated the land to the payment of the mortgage. Of course, under such circumstances, it would be inequitable to permit the purchaser, who has in effect received the amount of the mortgage from the vendor, to impose the defense of usury to an obligation which he assumed to pay, not upon any usurious agreement but upon a good and valid consideration, to wit, the conveyance of the land. In this case, the facts out of which the equity in behalf of the mortgagee arise did not exist, and the assumption in the deed of Maltby and wife to Mary J. Cross did not create any legal obligation to the mortgagee which could be enforced in his behalf, for Maltby not being himself under any obligation to pay the mortgage did not, by imposing a condition of its payment on his grantee, give the mortgagee thereby any right to enforce its payment by the grantee, either at law or in equity. " A mere stranger cannot claim the benefit of a contract between other parties."

If Maltby had been in any way liable to the holder of the mortgage, by having assumed it or otherwise, then he might, by

his grant, have imposed that liability on his grantee, which would have inured to the benefit of the mortgagee. "To give a third party, who may derive a benefit from the performance of the promise, an action, there must be first, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty, owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise or an equivalent from him personally." (*Vrooman* v. *Turner,* 69 N. Y., 280.)

In this case there was no privity between Maltby and the holder of this mortgage, and no obligation resting on Maltby for the payment of the mortgage, consequently the mortgagees acquired no right through the agreement inserted in Maltby's deed. We think, therefore, that usury could be set set up as a defense by both Moses H. Cross and his wife ; by him because he was the giver of the bond and mortgage and liable for any deficiency which might be left after a sale on the mortgage ; by her as a subsequent grantee of the premises not bound as between her and the mortgagees for the debt purporting to be secured by the mortgage.

Each of the answers, after setting up the usury in the bond and mortgage, contains a prayer for affirmative relief. This could not be granted except upon the terms of paying the principal with the legal interest, because as to Moses H. Cross, he having parted with the title to the mortgaged premises, is no longer a "*borrower*" within the meaning of the act of 1837 (ch. 430), and Mary J. Cross was not the *borrower,* but is a subsequent grantee. (*Schemerhorn* v. *Talman,* 14 N. Y., 93.) We think, therefore, there should be a new trial.

Judgment. reversed, and new trial ordered before another referee, costs to abide the event.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.