SOPHIA SCHMID, AS ADMINISTRATRIX, ETC., OF CONRAD SCHMID, DECEASED, RESPONDENT, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Judgment against a receiver — liability of one purchasing the property from the receiver subject to all his liabilities — when the creditor may enforce his claim against the property in the hands of the purchaser.*

In this action, brought to recover the damages occasioned by the negligent killing of the plaintiff's intestate in December, 1876, while crossing the defendant's road, which was then operated by one Jewett as a receiver, the plaintiff recovered a judgment in April, 1879, for $5,000, which was on appeal affirmed by the General Term and the Court of Appeals. The final judgment of affirmance was entered in February, 1882.

In April, 1878, the railroad property was sold under the foreclosure of a mortgage and conveyed to Morgan and others, as trustees, subject to all lawful indebtedness of said Hugh J. Jewett as such receiver, made or incurred by him during his said receivership, which indebtedness was thereby declared to be a lien upon said premises prior to said mortgages, and the said grantees, in and by the terms of said deed, assumed the indebtedness of said receiver.

Thereafter the property was conveyed by the said purchasers to the defendant, a company incorporated under special acts of the legislature, by a deed making the conveyance subject to the said debts and liabilities, and the defendant executed a covenant to fulfill, perform and assume the same. In December, 1879, the receiver obtained an order discharging him from his trust.

*Held,* that the plaintiff could maintain an action against the defendant to recover the amount of her judgment, or to have the same declared a lien upon the property so sold and conveyed to it, and satisfied by a sale thereof.

APPEAL from a judgment and order of the Erie Special Term overruling a demurrer to the plaintiff's complaint.

*Sprague, Morey & Sprague,* for the appellant.

*H. H. Parke,* for the respondent.

HARDIN, J.:

Plaintiff's intestate was killed December 22, 1876, while crossing the railroad track at the town Cheektowga in Erie county, by a locomotive while the Erie railroad was operated by H. J. Jewett as receiver.

Plaintiff brought an action against the receiver in December,

1878, and in 1879 recovered a verdict of $5,000, and the judgment entered on the verdict was affirmed by this court, and afterwards our judgment was affirmed and judgment of affirmance entered, February 11, 1882. (The costs in the Court of Appeals of ninety-six dollars and ninety-nine cents were paid.) On the 24th of April, 1878, the railroad property was sold on mortgage foreclosure to Edwin D. Morgan and others, trustees ,pursuant to a plan for reorganization, and conveyed 26th of April, 1878, and a referee's deed made "expressly subject to all lawful indebtedness of said Hugh J. Jewett as such receiver made or incurred by him during his said receivership, which indebtedness is thereby declared to be a lien upon said premises prior to said mortgages, and the said grantees in and by the terms of said deed assume the indebtedness of said receiver."

On the 27th of April, 1878, defendant was incorporated under an act of the legislature passed 11th of May, 1874, and amended by chapter 446 of Laws of 1876. On the 27th of Apr'., 1878, E. D. Morgan and others, trustees, conveyed the property so conveyed to them, to defendant. The deed was made subject "to all liabilities before the execution thereof incurred by the said Hugh J. Jewett as such receiver, and defendant assumed all the debts and liabilities. Defendant executed a covenant to fulfill and perform and assume each and every of the liabilities above referred to, and to pay off and discharge on the "indebtedness or liabilities incurred or to be incurred by the said receiver, and defendant agreed that it will assume, and does hereby assume, all the acts of the said receiver done by him at any time in the due execution of his office, and all liabilities aforesaid, and will indemnify," etc. And defendant's agreement also stated, viz.: "The true intent of the clause being to require the said party of the second part always to take care of and pay any sum or sums of money which the said Hugh J. Jewett has, as receiver, become liable for or which it may be established the said Hugh J. Jewett as receiver ought to pay or to have paid out of the property and estate which by this indenture are conveyed." * * *

On the 3d of May, 1878, an order was obtained authorizing the transfer of the property so sold and conveyed to the defendant, and thereupon a transfer of the same was made to the defendant, and defendant received it and is in the possession of the property. In

December, 1879, the receiver obtained an order " discharging him from his trust as such receiver." Plaintiff had no notice of the order until after the final entry of judgment in her action against said receiver, after the confirmation of the said judgment in the Court of Appeals." Plaintiff's judgment is not paid and this action is for the amount of her claim, or for the declaration of a " lien and charge upon the premises and property so sold and conveyed and so transferred by the said receiver to the defendant,  *  *  *  and for the sale of the property to satisfy the bill, and the satisfaction of plaintiff's judgments or for other relief."

The Special Term overruled the demurrer and ordered judgment for plaintiff, and defendant appeals. Plaintiff alleges that her intestate was run over and killed by a train or locomotive " being run and operated upon said railway by the said receiver, his agents and servants." The judgment on the verdict is conclusive evidence of the liability by reason of negligence of the receiver, and establishes an indebtedness and liability of the receiver, and therefore the liability or indebtedness is brought *prima facie* within the covenant of the defendant. It is not necessary to determine now whether the defendant may not interpose defense. The *query* here is whether the plaintiff has stated facts sufficient to constitute a cause of action or ground for relief.

If we look at this case as presenting a covenant running to Morgan and others, trustees, and to the receiver, as the covenantees, then the obligation of the defendant is to satisfy all claims or liabilities arising by the acts of the trustees or by the acts or omissions of the receiver. Certainly the receiver's liability for killing plaintiff's intestate, was a liability which could be enforced against the receiver, and the property held by him. Plaintiff therefore has a legal right founded upon some obligation of the promisee, and she has a right to adopt and claim the promise to have been made for her benefit. (*Vrooman* v. *Turner*, 69 N. Y., 285.) She is not a mere stranger. If the receiver had retained the assets, payment of her claim could have been enforced out of them. Plaintiff's verdict was recovered April, 1879, and the receiver was not discharged until December 30, 1879. Defendant made no effort to litigate plaintiff's claim other than through the defense and appeals of the receiver. We see nothing in the papers in the appeal book to lead

us to suppose the court intended to leave claims situated like that of the plaintiff unprovided for, when it sanctioned a transfer of the property to defendant, or when it granted an order discharging Jewett from his trust.

It is more rational to suppose the covenant of the defendant was understood by the court to be a protection to the receiver, and to persons having suits upon liabilities incurred by the receiver while in the management and operation of the road.

Judgment affirmed, with costs, with leave to defendant to withdraw its demurrer, and answer upon payment of costs of this appeal and of the demurrer.

SMITH, P. J., and BARKER, J., concurred.

So ordered.