BENEDICTA DURNHERR, APPELLANT, v. JOSEPH RAU, RESPONDENT.

*Covenants — for the benefit of a third person — rescission of a covenant by a new deed between the covenantor and covenantee — dower interest lost through default in covenant to pay incumbrances.*

One Durnherr conveyed, individually, certain premises to Joseph Rau by a deed, in which the latter covenanted to pay the incumbrances then upon the premises. Seventeen days later Durnherr and said Joseph Rau quit-claimed all their interest to one Gustavus Rau, the latter assuming the payment of said incumbrances.

Upon the trial of an action, brought by the wife of Durnherr, having a dower interest in the premises, against Joseph Rau upon his covenant to assume the incumbrances thereon, it appeared that, because of Rau's failure to pay said incumbrances, the same had been foreclosed, and that the plaintiff had lost her dower interest in the premises. There was no proof given that, at the time the second deed was executed, she had ever heard of the covenant in the former deed, or that she had ever accepted or acted upon it.

*Held*, that the action could not be maintained.

That, as the wife was not a party to the deed, and as there was no proof *aliunde* to show that it was made for her benefit, Joseph Rau, the covenantee, owed her no duty to protect her inchoate right of dower.

That the fact that performance of said covenant would have contingently benefited the plaintiff would not support her action.

That the second deed worked a rescission and revocation of all the covenants then existing between the grantor and grantee in the first deed, and equally so as to the rights of all persons who had not acquired vested rights under such covenants, which was the position of the plaintiff in respect thereto.

APPEAL by the plaintiff, Benedicta Durnherr, from an order, entered in the clerk's office of Monroe county on the 1st day of April, 1890, granting, upon motion of the defendant, a new trial upon the minutes, after a trial at the Monroe Circuit before the court and a jury.

*Theo. Bacon*, for the appellant.

*William E. Edmonds*, for the respondent.

DWIGHT, P. J.:

The action was on a covenant of the defendant to pay incumbrances on lands conveyed to him by the plaintiff's husband. The covenant was contained in the deed of the husband to the defendant, to which the plaintiff was not a party. She had joined in the execution of certain mortgages included in the incumbrances referred to, which in default of payment by the defendant, were foreclosed and her right of dower was defeated. She commenced this action after the death of her husband, alleging the value of her dower as the measure of the damages sustained by her by reason of the breach of the defendant's covenant. In addition to the facts above stated, it appeared that seventeen days after the execution of the deed from the husband to the defendant the grantor and grantee therein united in a deed of the same premises to one Gustavus Rau, which contained the same covenant on the part of the new grantee to pay incumbrances. The court on the trial submitted to the jury the question of the value of the plaintiff's dower, which was assessed at the sum of $500, but on a motion for a new trial set aside the verdict, holding that the plaintiff had not made out a cause of action against the defendant.

We think this conclusion was correct, and that the order setting aside the verdict was properly granted. The plaintiff's claim to

recover was based upon the doctrine of *Lawrence* v. *Fox* (20 N. Y., 268) and the verdict was set aside, as appears by the opinion of the learned judge at the circuit, on the ground that the case was not within that doctrine for the reason that the covenantee owed no duty to the plaintiff to protect her inchoate right of dower. (*Vrooman* v. *Turner*, 69 N. Y., 280.) The argument of the opinion is forcible and well sustained by the authorities cited, but we think there was another reason why the case was not within the doctrine relied upon, viz., that the covenant does not by its terms purport to be, and there is no proof *aliunde* to show that it was made, or procured to be made, for the benefit of the plaintiff. It was the grantor in the deed who was liable to pay the incumbrances, and the covenant on the part of the grantee stood for so much of the consideration of the sale. It is true that performance of the covenant would have inured to the benefit of the plaintiff, but only consequentially and contingently; the covenant was primarily and directly for the benefit of the grantor himself, and there is nothing to show that it was intended for the benefit of the plaintiff in any event. If it was not made or intended for her benefit it was certainly not a covenant upon which she can herself maintain an action, she being neither party nor privy to the deed in which it was contained. The provision in the deed which reserved the plaintiff's right of dower, had, of course, no reference to the incumbrances here in question. It was quite unnecessary, it is true, for the purpose of reserving the dower from the effect of the conveyance in which it occurred, but that was the extent of its operation, and it seems to lend no color to the proposition that the covenant to pay incumbrances was intended for the benefit of the plaintiff.

But, even though the case were clearly within the doctrine of *Lawrence* v. *Fox*, we think the plaintiff must fail of her action because of the revocation of the covenant by the execution of the joint deed of the covenantor and covenantee to a third person. That deed is before us, as it was not before the judge below on the motion for a new trial. It is a quit-claim conveyance of all the interest of both the parties to the former deed, and is subject to the same condition as the former as to the payment of incumbrances by the grantee. It was executed some seventeen days after the former deed, and there is no evidence that at that time the plaintiff had

ever heard of the covenant in the former deed, much less had in any manner accepted or acted upon it. We can have no doubt that the joint execution of the new deed by the grantor and grantee in the old one worked a complete rescission and revocation, as between them, of all the covenants contained in the former, and equally so as to all other persons, except such as had acquired vested rights under such covenants. The plaintiff was clearly not within the latter category.

Upon both the grounds here considered, we think the order setting aside the verdict and granting a new trial was properly made.

MACOMBER, J., concurred.

Order appealed from affirmed, with costs.