(20 Misc. Rep. 481.)

## WHITE v. WHITE.

(Supreme Court, Special Term, Kings County. June, 1897.)

1. ANTENUPTIAL CONTRACT—EXECUTION.

An antenuptial contract was made between one W. and his intended wife, by which W. agreed not to claim any right or interest in or to any part of her estate, but to permit the same to pass by her will, or to her heirs at law, as if she were unmarried. The parties afterwards married. Held, that such contract became executed in all respects upon the marriage, and W. became incapable of having an estate by the curtesy, either initiate or consummate, in his wife's lands.

2. SAME—RIGHTS OF CHILD.

Held, further, that the heirship of a son of W. and his wife gave to such son such privity to the contract as to entitle him to claim the benefit of it.

Action of ejectment by Frederick Hall White, an infant, against Josiah J. White, to recover a certain house and lot, the property of his deceased mother before her marriage to defendant. An antenuptial contract provided that the wife might retain and control all her real and personal estate, it to be and remain hers forever; the husband agreeing not to exercise any dominion over any part of it, or to claim any interest therein, and in case of her death not to claim any interest in any part of the estate or the income, but that he would remit it to her heirs at law, as if she were unmarried. She died intestate. Judgment for plaintiff.

George S. Ingraham, for plaintiff.
Josiah T. Marean, for defendant.

GAYNOR, J. It is contended for the defendant that the antenuptial agreement is executory; that the plaintiff cannot maintain this action without a release or conveyance to him of the defendant's estate by the curtesy; and that, as the defendant did not agree to make such a conveyance, but only to passively permit the property to pass by descent, he cannot be required to make it, or be deemed as having made it, upon the equitable principle of deeming that done which should be done. Justice requires that the contract be otherwise interpreted, if possible, for its plain intention is that defendant should not have an estate by the curtesy. The agreement not to assert any right or interest after the wife's death, but to let the estate pass, coupled with the prior part, shows that the words first used had reference to the death of the wife as well as to her lifetime. So viewed, the contract became an executed agreement in all respects upon the marriage, and the defendant became by it incapable of having an estate by the curtesy, either initiate or consummate. The intention was to avoid the laws of coverture, descent, and distribution, and the agreement executed that purpose so soon as made. Neves v. Scott, 9 How. 196; In re Young, 92 N. Y. 235.

It is also contended that the plaintiff cannot claim under the contract, for want of privity. In Lawrence v. Fox, 20 N. Y. 268, and kindred cases, the holding is that, if A. owes B., and takes the agreement of C. to pay the debt, B. may maintain an action against C. upon such agreement. The legal obligation of A. to B. makes B. privy to the contract for his benefit of A. with C. In Vrooman v. Turner, 69 N. Y. 280, no such legal obligation existed of A. to B., for which reason it was held that B. could not sue C. upon the agreement for lack of privity. These two cases, by contrast, show the rule with precision, and all misconception of it comes from looseness of statement in other cases. There was no legal obligation of the mother to have her lands descend to this son free of the estate by the curtesy, and that element is lacking to make a privity between him and his father through the antenuptial contract. But it seems that the rule of privity through legal obligation does not apply to contracts like this. King v. Whitely, 10 Paige, 465. The necessary privity is had here through the land itself, and the laws of descent. The antenuptial contract runs with the land. Heirship suffices to establish privity

here, as a deed of conveyance by the wife would have done for her grantee, assuming that our statute allowing married women to convey as if sole had not existed. Moreover, mere relationship alone will make such privity. Schouler, Husb. & Wife, § 249; Michael v. Morey, 26 Md. 239; Schemerhorn v. Vanderheyden, 1 Johns. 139; Shepard v. Shepard, 7 Johns. Ch. 57; Todd v. Weber, 95 N. Y. 181. In the Schemerhorn and Shepard Cases there was no privity except by relationship between the promisee and the third person. The lack of precision of statement in the Todd Case may defy any attempt to ascertain from the very much said upon what ground the privity of the plaintiff there to the contract of the deceased with the plaintiff's relatives was put, but it must have been upon her relationship to them, or nothing; for the case did not change the law in respect of the requirement of privity, as the later decisions of that court show. In none of these cases was there any legal obligation from the promisee or covenantee to the third person. No ground seems to be stated for the objection that the defendant has a right to retain possession because the infant says he may. The guardian of an infant's property is not subject to the restraint of the infant's wishes or agreements.

Judgment for the plaintiff.