(22 App. Div. 566.)

### LEHMAN v. MUSGRAVE.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

ACTIONS—PROMISE TO THIRD PERSONS—PRIVITY.

> A mortgagee's promise, given to her agent, selling property under power of a mortgage, at the time of his giving her a bill of sale, that she would pay the mortgagor's debts, as a partial consideration of the transfer to her of the property for a lower figure than another's offer, does not give a right of action to creditors, or their assigns, against the mortgagee, on their claims due from the mortgagor.

Appeal from special term, Fulton county.

Action by Alfred B. Lehman against Jennie E. Musgrave to recover an indebtedness upon an alleged promise. From a judgment for plaintiff, defendant appeals. Reversed.

The defendant held a chattel mortgage against one William B. Musgrave upon certain property and fixtures in his meat market, which mortgage she proceeded to foreclose under the danger clause therein contained; the mortgagor, Musgrave, having absconded, and left the market and property unprotected. For the purpose of foreclosure, she employed Bruce to take possession of the property, and to sell the same at public sale. Bruce, under such employment, took possession of the market, publicly advertised for six days the sale of the property, in due form of law, and then sold the same at public sale, at the market aforesaid, and the same was bid off by the defendant. No question is raised over the validity of such mortgage. It appears, however, from the findings of the referee, that, at the time the property was so sold, Bruce executed to the defendant a written bill of sale of the property, in which was contained a clause "by which the defendant agreed to pay the debts, for meats sold, due from William B. Musgrave to the G. H. Hammond Company." Also, it appears that, prior to the sale, Bruce had been offered by other parties, for the property, a greater sum than the defendant's mortgage called for, and that such offer was communicated by Bruce to her. Bruce, as a witness, testified that she thereupon replied as follows: "She replied that there were debts of Will's that she would have to pay, and they would make hers more. She figured up the different amounts owing Fallis & Schermerhorn and the Johnstown Beef Company, and added them up. She said that she thought she ought to assume these debts. I said, 'If you will do that, all right.' I sold it to her with that understanding,—that she would assume these debts." The Johnstown Beef Company was the name under which the G. H. Hammond Company did business. On the trial it was claimed by the plain-

tiff that the bill of sale was lost, and parol evidence of the clause referred to was given. The attorney who drew it testified that the clause was an agreement on her part to pay "the claims or bills of William B. Musgrave, as a part of the consideration of the property transferred." The plaintiff subsequently took an assignment of the debt due from William B. Musgrave to the G. H. Hammond Company, and brought this action to recover from defendant the amount thereof; basing his claim upon her promise, made at the time of the sale, to pay the same. A judgment for the amount was entered in the court below, and from such judgment this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Clark L. Jordan, for appellant.
Horton D. Wright, for respondent.

PARKER, P. J. The plaintiff does not claim that the defendant ever made any promise to him, or to the G. H. Hammond Company, his assignor, to pay the debt in question; but he seeks to recover upon the theory that the promise to pay, made by the defendant at the time she bid off the property, inured to his benefit, and created a cause of action in his favor. Bruce, who sold the property, was the defendant's agent, acting for her. In legal effect, the sale operated precisely as if it had been made by herself, and the bill of sale was of no effect whatever to pass any title in the property to her. At most, it operated as a memorandum of sale, to show what was purchased and what was bid. She took her title through the mortgage, and the bill of sale gave her nothing. Bruce was subject to her orders entirely, and a promise made to him was, in legal effect, no different from a mere promise made to herself. Bruce was no more the agent of the mortgagor, in selling the property, than she herself would have been, had she sold it. Either was obliged to sell it fairly, and in the manner required by law. Beyond that, neither owed any duty to the mortgagor; and, very clearly, neither was his agent, to promise or direct on his behalf how his equity of redemption in the property should be applied to the payment of his debts. A promise, therefore, made at the time of the sale to Bruce or to herself, that she would pay the mortgagor's debt to the G. H. Hammond Company, was not a promise such as would give a right of action to that company, or to its assignee. The rule laid down in Lawrence v. Fox, 20 N. Y. 268, invoked by the plaintiff's counsel to sustain this claim, is applicable only where the person to whom the promise is made is himself in privity with, and under some obligation or duty to, the one to whom payment is to be made, and himself intends to secure to such party the benefit of the promise. Vrooman v. Turner, 69 N. Y. 280–284. In the case at bar, Bruce owed nothing whatever to the G. H. Hammond Company; and, if we consider the promise as one made to him, it clearly is not within the rule. And we cannot consider it made to Musgrave, the mortgagor, through Bruce as his agent; for, very clearly, as stated above, Bruce had no authority to ask or receive for him any promise whatever upon that subject. The whole arrangement is made by Bruce, without any authority whatever from Musgrave, who does not appear to have had any knowledge of the arrangement, nor any

opportunity of expressing himself concerning it. It is to be noted that the question presented is, not what effect the arrangement made will have as between Musgrave and the defendant, when called upon by him to account for the mortgaged property, but whether the promise so made gave a right of action against her directly to the G. H. Hammond Company. It is very apparent that the rule invoked by the plaintiff's counsel does not sustain the claim made; and as such claim is based entirely upon undisputed facts, which do not sustain it, a new trial would be of no advantage to him.

Without discussing any of the other alleged errors, or reasons given why the plaintiff is not entitled to recover in this action, for the reasons above given I conclude that the judgment should be reversed, and the plaintiff's complaint dismissed, with costs. All concur.