(86 App. Div. 485.)

### WAIT v. WILSON et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. CONTRACTS—AGREEMENT TO DEVISE PROPERTY—ENFORCEMENT BY DEVISEE.
      A contract whereby a wife agrees with the husband, in consideration of being made his residuary devisee, that all her property at the time of her death shall go to the husband's son, is unenforceable by the son, he not being a party to the contract, or an infant, or one to whom the parties owed any legal or equitable obligation.

Appeal from Special Term, Westchester County.

Action by George M. Wait against James A. Wilson, individually and as executor of Mary E. Wait, deceased, and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Woolsey Carmalt, for appellant.
Alden S. Crane, for respondents.

WOODWARD, J. This action was brought to compel specific performance of an agreement made by the plaintiff's stepmother, Mary

E. Wait, now deceased, with his father, George M. Wait, the elder, now deceased, whereby, in consideration of her being made residuary devisee of her husband, she is alleged to have agreed that all property which she had at the time of her death should go to the plaintiff herein, his son. The learned court at Special Term has found that the proofs established a contract whereby the widow was to leave to her stepson so much of the estate which came to her by her husband's will as remained at her death, but that there was no evidence that any of the property so coming to her remained at her death, and directed judgment for the defendants, but not upon the merits, with costs. The plaintiff appeals.

Assuming that the contract or agreement set forth in the pleadings was made, is the plaintiff in a position to maintain this action? He was not a party to the contract. No consideration moved from him to either of the parties, and neither of them owed him any legal or equitable duty or obligation. The courts have been very reluctant to extend the doctrine of Lawrence v. Fox, 20 N. Y. 268. "To give a third party who may derive a benefit from the performance of the promise an action," say the court in Vrooman v. Turner, 69 N. Y. 280, 283, 284, 25 Am. Rep. 195, "there must be, first, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two—the promisee and the party to be benefited—and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally." The plaintiff was the son of the promisee, but he does not appear to have been an infant, or one to whom the father owed any legal or equitable obligation; and as was said in the case of Durnherr v. Rau, 135 N. Y. 219, 222, 32 N. E. 49, 50:

"There is lacking in this case the essential relation of debtor and creditor between the grantor and a third person seeking to enforce such a covenant, or such a relation as makes the performance of the covenant at the instance of such third person a satisfaction of some legal or equitable duty owing by the grantor to such person, which must exist, according to the cases, in order to entitle a stranger to the covenant to enforce it. It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance." Citing Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Lorillard v. Clyde, 122 N. Y. 498, 25 N. E. 917, 10 L. R. A. 113.

There is nothing in this case to indicate that plaintiff's father had any legal or equitable interest in the performance of this agreement. The most that can be said is that he may have had a natural fatherly interest in having his son receive his property after the death of his wife; but unless the doctrine of Lawrence v. Fox, supra, is to be extended beyond the point indicated by the adjudications in this state, there is no foundation for the plaintiff's action.

In Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454, the court held that the relations existing between husband and wife, and the obligation of the former to provide for the latter, coupled with the peculiar facts of that case, were

sufficient to sustain an action to recover upon a contract made by
the husband for the wife's benefit, the wife being the plaintiff; but
in the subsequent case of Embler v. Hartford Steam Boiler Ins. Co.,
158 N. Y. 431, 436, 53 N. E. 212, 44 L. R. A. 512, the court recognizes the rule laid down in Vrooman v. Turner, supra; and in Borland v. Welch, 162 N. Y. 104, 110, 56 N. E. 556, 557, the court, in
speaking of the decision in Buchanan v. Tilden, supra, say, "This
is the furthest the cases in this state have gone;" thus indicating that
the limit has been reached in the case referred to, which was decided
by a divided court. If we are right in this, a reversal of the judgment could not be of use to the plaintiff, even should we reach the conclusion that the court at Special Term had erred in holding that only
the funds which passed to the widow under the provisions of the
plaintiff's father's will were involved in the contract, and it is no part
of the duty of appellate courts to be doing useless things.

It seems to us entirely clear that the plaintiff's father, in giving
his widow the absolute legal title to his property under his will, under
the circumstances detailed in the evidence, placed the property in
such a position that the son was entirely at the mercy of the stepmother; that the son had no such legal interest in the contract that
he can maintain an action for the specific performance of the same,
and, the stepmother having disregarded the wishes of the grantor,
the plaintiff is without a remedy. He is in exactly the same position that he would have been in if the will had been made without
the contract alleged, because his father failed to place him in a position to assert his rights. But the stepmother had a moral right, under the agreement alleged, to use all the property; and it is by no
means certain, from the evidence, that plaintiff's father would have
made any different will even if his wife had refused to agree to the
terms suggested, or if he had realized that the son could not enforce
the contract. Under such circumstances a court of equity ought not
to attempt to extend a rule of law for the purpose of reaching poetic
justice in a particular case. The judgment appealed from should be
affirmed.

HOOKER, J., concurs. BARTLETT, HIRSCHBERG, and JENKS, JJ.,
concur in result.