Shauck, J.
Remembering that the case presented
by the original petition is not affected by its argumentative averments, the question to be considered does not differ from that determined in the numerous cases given in the reporter’s abstract of the briefs. They are nearly, if not entirely, in accord with the judgment of the circuit court in the present case. Those in which a different view of the subject has been taken will receive ‘ sufficient attention if, following the suggestion of counsel for the plaintiff, we give due consideration to the principles involved in the inquiry. Their reliance is upon the proposition that an agreement made ón a valuable consideration by one person with another to perform an obligation to a third may be enforced by . such third person in his own name, as was held by this court in Crumbaugh et al. v. Kugler et al., 3 Ohio St., 544, and other cases following it. But an obligation to. the inhabitants of a municipality as distinct from that to the municipality itself arising out *258 of contracts of. this character has been frequently asserted by the inhabitants and nearly as frequently denied by the courts. These cases proceed upon the familiar principle that contracts bind only the parties who have executed them and those who are in privity with them. The cases relied on by counsel for the plaintiff concede the principle stated, and they were supposed to be decided consistently with it. They are without exception cases in which a legal obligation rested upon the promisee in the contract sued upon towards the third person bringing the suit, and such obligation is indispensable to the application of the doctrine. The view upon which such obligation is thought to meet the requirements of the rule as to privity, is thus expressed in Vrooman v. Turner, 69 N. Y., 280.
“A legal obligation or duty of the promisee to him (the plaintiff) will so connect him with the transaction as to be a substitute, for any privity with the promisor, or.the consideration of the promise, the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a' privity by substitution with' the promisor. A mere stranger cannot intervene and claim by action the benefit of a contract between other parties.”
That such legal obligation from the promisee to the plaintiff is wanting in the present case is made clear by Wheeler v. Cincinnati, 19 Ohio St., 20, where it is decided that the municipality is not liable to individuals for failure to furnish apparatus for extinguishing fires. If a stranger to a contract were held entitled to secure the benefits which might incidentally result to him. from its performance, not only would an established rule of the law be violated, but parties entering into, contracts could not deter *259 mine the extent of their obligations nor the numbers of those to whom they might be incurred. The view of the subject urged on behalf of the plaintiff finds even less support in the reasons involved than it does in the decided cases.

Judgment affirmed.

Davis, Price, Crew and Summers, JJ., concur.