(53 Misc. Rep. 603)

## JARMULOWSKY v. SUSSKIND.

(Supreme Court, Appellate Term. April 10, 1907.)

CONTRACTS—PARTIES—RIGHTS OF THIRD PERSONS.

A partnership was composed of a partner who contributed his established business, and a copartner who contributed $500 procured from a third person. It was stipulated that the partner, on electing to dissolve the firm within a specified time, might repay to the third person the money contributed by the copartner. *Held* not to confer on the third person the right to sue the partner for the money loaned to the copartner, on the partner electing to dissolve the firm.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 790–807.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sender Jarmulowsky against Michael Susskind. From a judgment of the Municipal Court of the city of New York dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Feltenstein & Rosenstein, for appellant.
Rosenbluth & Silverman, for respondent.

ERLANGER, J. In February, 1905, the defendant Susskind and one Herman Markel by written agreement formed a copartnership, under the firm name of Michael Susskind & Co., which was to continue for three years from February 23, 1905. The business to be conducted was real estate and brokerage. The defendant contributed "his already established business," and Markel contributed $500, $475 of which sum was advanced by plaintiff for Markel's account. Markel was given the privilege of drawing $15 per week, "on account of the profits to be derived during the term, until September 30, 1905, and after that time the profits shall be equally divided between both partners." It was further agreed:

"That in the event the said Michael Susskind, for any reason whatsoever, desires to terminate this article of agreement within three months from the date hereof the said Michael Susskind shall have the right to pay the money received, namely, $500, unto its former owner, S. Jarmulowsky, in person, and then this contract shall be null and void, and terminated, and that the said Herman Markel herewith releases the said Michael Susskind of all claim

or claims he may have against him, and discharges Michael Susskind of any claims whatsoever, upon payment by the said Michael Susskind to the said Herman Markel of one-third of the profits derived after deducting the total amount of the weekly payments to the said Herman Markel."

At the end of the written articles a receipt is indorsed, signed by the defendant, acknowledging that $475 was paid by plaintiff "in compliance with above contract and for the purpose of carrying out the said contract." Markel received his weekly allowance up to within a few weeks before the expiration of the three months specified in the agreement for its termination, when the partners quarreled, and, as is claimed, the defendant "threw Markel out." Plaintiff demanded from the defendant, after this event occurred, the return of the money which he advanced for the benefit of Markel, and the defendant paid, it is claimed, $30, in two payments of $15 each, on account, leaving $470 dollars unpaid, to recover which this action was brought. This $30, as received, was paid over to Markel. The complaint refers to the articles of copartnership, and the right to recover is predicated upon the clause above referred to. The answer tenders the general issue, and after hearing the proof the complaint was dismissed, upon the ground "that the contract gives no right of action in Mr. Jarmulowsky on the agreement." From this determination, plaintiff appeals.

The contract, though inartificially drawn sufficiently shows the intention of the parties, and it would seem that in no circumstance could plaintiff, a stranger thereto, recover thereunder. It was not made for his benefit, nor did any consideration move from him. The fact that he loaned the money which admitted Markel into the copartnership, and the further fact that the defendant was given the privilege, if a dissolution occurred within the three months, of repaying to plaintiff direct the money paid for Markel's account, imposed upon the defendant no duty as promisor, so as to create the relation of debtor and creditor between him and plaintiff. The familiar principle of Lawrence v. Fox, 20 N. Y. 268, has no application to the case. No promise, express or implied, can be spelled from the contract in favor of plaintiff. In Vrooman v. Turner, 69 N. Y. 280–284, 25 Am. Rep. 195, the Court of Appeals said:

"A mere stranger cannot intervene and claim by action the benefit of a contract between other parties. There must be either a new consideration, or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement."

Tested by this rule, it is evident that plaintiff has not even the semblance of a claim against the defendant. It was not within the contemplation of the parties to confer upon him either an interest in or a right under the copartnership agreement, and without such right or interest no action can be maintained by him. In Lorillard v. Clyde, 122 N. Y. 501, 25 N. E. 918, 10 L. R. A. 113, the Court of Appeals, in a case somewhat similar to this, said:

"It is generally regarded as essential that none but a party to a contract has a right to complain of, or to recover damages for, the breach of it, against any of the other parties to it."

We think the court below properly decided the case. That the defendant treated his copartner with scant courtesy is evident from what was

developed upon the trial. The right, however, to recover from the defendant, is clearly vested in Markel, and in an appropriate action brought in the proper tribunal the copartnership affairs can be fully adjusted and the rights of all parties conserved.

The judgment must be affirmed, with costs. All concur.