Ruggles, C. J.
(after stating the facts.) — The referee erred in excluding this evidence. Conceding it to be settled in this state, that mere declarations made by the holder of a promissory note, while he is the holder and owner, are not admissible against one to whom it is subsequently transferred for value, after due, yet the evidence offered should have been admitted. The evidence was more than the declaration of the holder and owner; the entries offered were his act, and operated as an actual acquittance and discharge of the debt due on the note. The learned judge who delivered the opinion of the supreme court, affirming the decision of the referee (Whittlesey, J.), thought the offer was ambiguous; and that no evidence was offered to prove the time of making the entries, except the books themselves. But this does not seem to be the true meaning of the defendant’s proposition; it should be understood, as an offer to prove, by some competent evidence, that the entries were made, while the bank held and owned the note. It is not necessary, therefore, upon this construction of the offer, to say, whether the pass-book, when produced, may or *may not have been prima facie evidence that the entries were made, *- at the time of their date. The offer, according to a fair construction of it, was to show that they were made while the bank owned the note.
The entries made by the officers of the bank in the pass-book kept between the bank and its customer, are the customer’s vouchers for payments, deposits and other transactions with the bank; they are made by the bank, and delivered to the customer, for his safety, and as written evidence of the facts appearing by the entries. When a customer, having deposits in a bank, credited on *262 his pass-book, is charged with his note, the charge is an appropriation by the bank of so much of its customer’s money in payment and satisfaction of the note; it extinguishes the debt; and the note is, thenceforth, fundus officio. As against a subsequent holder of the note, who acquires it after due, it is equivalent to a receipt in full by the bank, indorsed on the note, such subsequent holder being chargeable with notice of the equities existing between the bank and the previous parties. The case of Paige v. Cagwin (7 Hill 361) went, to say the least, quite far enough, in rejecting the paroi declarations of the previous holder against one who subsequently acquired the note after due. But admitting that doctrine to its fullest extent, it cannot apply to this case, nor to any, where the previous holder, while he owned the note, put into the hands of the maker, in the usual course of business, written evidence of its payment and discharge. Such written evidence may, it is true, be impeached or contradicted by the subsequent holder, but the burden of impeaching or contradicting it rests upon him.
If, therefore, the offer is to be understood here, as it was by the court below, I am of opinion, that the referee erred in rejecting it as evidence; and that, if no suspicious circumstance appeared on its face, leading to a belief that the entries were not made at the time of their date, it should be regarded as primd facie evidence that the note was paid, before it went out of the hands of the bank. It is unnecessary to notice the other points made * ova i by the appellant. *The judgment against the J appellant in the supreme court must be reversed, and a new trial ordered as to him.
Judgment reversed, and new trial awarded
Gridley, J., dissented.