Adelaide M. De Lavallette, Respondent, *v.* Frederick B. Wendt as Executor, etc., Appellant.

The objection that a judgment in an action against an executor as such is not in proper form, in that it should be *de bonis testatoris,* cannot be taken for the first time upon appeal; if the judgment is erroneous in this respect defendant should move in the court in which it was rendered to have it amended.

Defendant hired rooms and board in plaintiff's hotel for a specified period, at $150 per week; he left the rooms before the expiration of the time, and plaintiff let them to another for $125 per week. In an action to recover damages for breach of contract, *held,* that plaintiff was properly allowed the difference between the amount defendant agreed to pay and what plaintiff received, with interest from the expiration of the term for which plaintiff hired the rooms; that as the sum then due plaintiff was ascertainable by mere computation, it was not a case where the amount due was unliquidated and uncertain in the sense to prevent the accruing of interest thereon.

*It seems,* that in such case the allowance of interest, as damages, is not a matter of discretion with the jury, but plaintiff is entitled thereto as matter of law.

A promissory note, payable on demand, is barred by the statute of limitations, at the expiration of six years from its date.

An instrument executed by plaintiff in this form, "Received of D. M. Peyser five hundred dollars due on demand," was set up as a counterclaim; *held,* that it was open to explanation as to its consideration, and the circumstances under which it was given; and that, evidence having been given, without objection, tending to show that it was given upon payment by Peyser to plaintiff of the sum specified, which was then due from the former to the latter, and was intended simply as a receipt, a submission of the question to the jury, and a finding to that effect were justified.

(Argued December 6, 1878; decided January 21, 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, modifying a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 11 Hun, 432.)

This action was brought to recover damages for an alleged breach of a contract between plaintiff and David M. Peyser, defendant's testator, by which said Peyser agreed to take

certain rooms in plaintiff's hotel from September 1, 1866, to May 1, 1867, he to pay $62.50 per week up to November 1, 1866, and $150 per week after that time.

Defendant's answer set up, among other things as a counter-claim, that plaintiff, for value, executed and delivered to said Peyser an instrument, of which the following is a copy :

"$500.00. "NEW YORK, *November* 3, '66.

"Received from D. M. Peyser five hundred dollars. Due on demand. A. M. DE LAVALLETTE."

Plaintiff replied to the counter-claim, pleading, among other things, the statute of limitations.

The evidence disclosed that Peyser left plaintiff's hotel November 23, 1866. He paid for the rooms up to November seventh. Plaintiff's evidence, which was received without objection, tended to show that $500 of such payment was made November 3, 1866 (the date of said instrument) ; that no other sum was received by him from Peyser on that date, and that the instrument was, in fact, intended as a receipt. On December 21, 1866, plaintiff hired the rooms to another for $125 per week.

Defendant's counsel requested the court to charge that the legal effect of the instrument dated November 3, 1866, was an acknowledgment by the plaintiff that she owed the testator $500, and that the same was due to him on demand, and that parol evidence was admissible to vary its effect. The court declined so to charge and said counsel duly excepted.

The court charged that if the plaintiff was entitled to recover at all, she was entitled to recover $1,841.48, which was made up by charging $150 per week for the time the rooms were vacant, and $25 per week — the difference between what Peyser agreed to pay and for what plaintiff let the rooms — from December 21, 1866, to May 1, 1867, with interest, on the aggregate sum, from May first to the time of trial. The judgment was entered in form against defendant personally. The General Term modified the

judgment by deducting therefrom the sum of $868.28, which was stated to be the amount of the damages allowed for the time the rooms were vacant, with the interest thereon.

Further facts appear in the opinion.

*Charles Wehle*, for appellant. A personal judgment against the appellant was incorrect in form. (*Ferrin* v. *Myrick*, 41 N. Y., 322; 2 R. S. [Edms. ed.], 92, § 40.) Interest on the amount of the claim could only be allowed from the commencement of the action. (*McCullom* v. *Seward*, 62 N. Y., 318.) It was error to allow any interest. (Sedg. on Dam. [6th ed.], 377–380; *Holmes* v. *Rankin*, 17 Barb., 454; *Salter* v *Parkhurst*, 2 Daly, 240; *Easterly* v. *Coe*, 1 Barb., 235; 3 N. Y., 502.) The judge propeily held that the meaning of the contract was a question of law. (2 Pars. on Con., 255, 492; *Engleston* v. *Knickerbocker*, 6 Barb., 466; 2 C. & H. Notes, 1439; *Tisloe* v. *Greater*, 1 Blackf., 353.) The statute of limitations has no bearing upon the due bill. (*Merritt* v. *Judd*, 23 N. Y., 28; 3 Pars. on Con., 91.)

*Edward M. Shepard*, for respondent. The due bill was barred by the statute of limitations. (Old Code, § 150.) That the due bill of $500 was given without consideration and by mistake was properly shown. (*Bank of Troy* v. *Topping*, 9 Wend., 273; *Slade* v. *Halsted*, 7 Cow., 322.) An affirmative defense, such as a release, must be specially pleaded. (*Field* v. *Mayor, etc.*, 6 N. Y., 189; *McKyring* v. *Bull*, 16 id., 309.) Any irregularity in the form of a judgment is waived by an appeal. (*Trustees* v. *Robinson*, 21 N. Y., 234; *Brooks* v. *Curtis*, 50 id., 639; *People* v. *Goff*, 52 id., 434; *Witherhead* v. *Allen*, 28 Barb., 661; *Mayor* v. *Lyons*, 1 Daly, 296; *Adams* v. *Ft. Plain Bank*, 36 N. Y., 255; *Van Rensselaer* v. *Jewett*, 2 id., 135.)

HAND, J.  The objection that the judgment below is not in proper form and should be " *de bonis testatoris* " is not one to be taken for the first time upon appeal. If the judgment

entered up does not conform to the pleadings and facts found by the verdict, the defendant should move, in the court in which it was rendered, to have it amended. This court sits to correct the errors of the court below, and not ordinarily those of ministerial officers, or of the parties, never properly brought to the attention of those courts.

There was no error in allowing upon the $25 a week, (from 21st December, 1866 to 1st May, 1867), aggregating $464.28, interest, from May 1, 1867, to the day of trial. At the close of the term for which the testator had hired the rooms, he was liable to the plaintiff for this sum, easily ascertainable and certain, because to be ascertained readily by mere computation. The amount received by the plaintiff for the rooms, during this period, was then fully known to her. The defendant knew that he was liable for the $150 a week for this period, less the former amount; and this he could have learned by inquiry from her or her tenant.

It is not a case, therefore, where the amount due was unliquidated and uncertain, in the sense to prevent the accruing of interest thereon. The agreement by the testator was to pay a fixed sum, all of which was payable on or before the 1st of May, 1867, except as reduced by the deduction of the sums received by the plaintiff for the use of the rooms during the time. This balance, we think, comes within the principle of the ruling in *Van Rensselaer* v. *Jewett* (2 Comst., 135), as a sum for the non-payment of which, in pursuance of his contract, the defendant was, after May 1, 1867, in default, and liable to indemnify the plaintiff for such default, by the payment of interest. (See *Adams* v. *Ft. Plain Bank*, 36 N. Y., 255.) Whether the case was one where the jury might, in their discretion, allow interest, as damages for the default of the defendant, or one in which the plaintiff was entitled, as matter of law, absolutely to interest, is not, perhaps, necessary to decide, as the question was not distinctly raised. But we are inclined to think that the plaintiff was entitled absolutely to interest upon the sum due upon the 1st May, 1867 : (*Dana* v. *Fiedler*, 2 Kern., 40.)

There could be no recovery by the defendant, or set-off in his favor, arising out of the instrument put in evidence by him, dated November 3, 1866, for if it is to be regarded as a note or due bill, payable on demand, the statute of limitations had completely barred it, at the time of the commencement of this action. (*Herrick* v. *Wolverton*, 41 N. Y., 581; *Howland* v. *Edmonds*, 24 id., 307; *Mason* v. *Ins. Co.*, 13 Wend., 267; *Newman* v. *Kettelle*, 13 Pick., 418.)

The judge's refusal of the ninth request to charge that the defendant was entitled to recover its amount was therefore correct. It is insisted, however, that the judge erred, in leaving to the jury the question whether this instrument was a due bill, or a receipt, and instructing them that their find ing, upon this matter, would bear very strongly upon the issue submitted to them, upon conflicting evidence, as to what the contract sued upon by the plaintiff really was.

The point is not without difficulty, but we have come to the conclusion that the judge was right in holding this paper open to explanation as to its consideration and the circumstances under which it was given. It is not, on its face, unequivocal or complete, as a promise to pay. Its language is, "received of D. M. Peyser five hundred dollars due on demand." It names no payee, not even the bearer, and would, in form, be as much a receipt as a note, and more a certificate of deposit, perhaps, than either. But evidence was given, without objection, from which the jury might find, and must be deemed to have found, that it was made when the testator paid the plaintiff the amount specified in it already due for board and rooms, and hence was without consideration as a due bill or note, but really intended by the plaintiff and taken by the testator merely as a receipt, or memorandum of money paid, on account.

The authorities, in my opinion, permit this explanation, and justify the course of the judge. The consideration of a promissory note is open to inquiry, as between the original parties; and, under this principle, upon the payment of money due, the giving of a note to the debtor by the credi-

tor, upon such payment, it has been held, may be shown to have been intended as a receipt : (*Smith* v. *Rowley*, 34 N. Y., 3ʳ7; *Slade* v. *Halstead*, 7 Cow., 322; *Bank of Troy* v. *Topping*, 9 Wend., 273.) In the present case, the proof showing that the consideration of the note (if a note) was money paid to the maker by the payee as her due, the result would be the same whether it were called a receipt or a note. In either view, no cause of action could arise thereon to the payee, for the precise amount secured to be paid *to* him appears, at the same time, to have been due *from* and paid by him to the maker, and hence, whilethe debt owing *to* the maker is paid, no consideration for the note made *by* her remains. The other exceptions taken upon the trial have been examined, but do not appear to have any merit, or to require any comment.

The result is that there should be an affirmance of the judgment, were it not for an error appearing, in the computation of interest, in the judgment, as modified by the General Term. The interest on the principal sum of $464.28, from the 1st May, 1867, to the day of the trial, (the 28th February, 1877), seems to have been computed in the judgment, as finally entered, so that the total amount, as of March 5, 1877, the date of the original judgment, was $975.70, thus more than doubling the principal, in less than ten years. The judgment should be so modified as to reduce it to the sum of $464.28, and interest thereon to the 28th February, 1877, making the sum of $783.59 ; and, as so modified and entered, as of the date of its original entry, 5th March, 1877, affirmed with costs of this court.

All concur.

Judgment accordingly.