CLINTON et al. v. BUFFALO LAND SECURITY CO., Limited, et al.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

MORTGAGES—TRANSFER OF PART OF PROPERTY—SUBJECTION OF SEPARATE POR
TIONS TO MORTGAGE.

Where a mortgagor conveys an undivided half of the mortgaged prem-
ises to a grantee, who assumes payment of half the mortgage debt, the·
mortgagee, on the mortgagor's payment of his half of the indebtedness,
may release, without prejudice to the grantee, his part of the premises
from the lien, since, as the land was the only fund chargeable with pay-
ment of the mortgage debt, the grantee's assumption fixed the amount he
was to pay and set apart his interest to meet it.

Appeal from Erie county court.

Action by Spencer Clinton and another, as executors of the will of Millicent D. Marshall, deceased, against the Buffalo Land Security Company, Limited, and another, to foreclose a mortgage. From a. judgment decreeing the sale of the mortgaged premises, defendants. appeal. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-- LIAMS, and LAUGHLIN, JJ.

J. H. Metcalf, for appellants.
Adolph Rebadow, for respondents.

SPRING, J. This action was commenced March 3, 1900, to fore- close a mortgage upon premises which the defendant security com- pany owned as tenant in common with Charles D. Marshall. On the 27th day of December, 1892, Mr. Marshall was the owner of about 106 acres of land in the city of Buffalo, and on that day executed and delivered the mortgage in suit on said premises to one Arthur Turn- bull to secure the payment of $85,000, payable in installments, the· last of which fell due before this action was commenced. By deed. dated January 4, 1893, said Marshall conveyed to the defendant se- curity company an undivided one-half of the lands and premises de- scribed in said mortgage, and in the conveyance to it said grantee· assumed the payment of one-half of said mortgage indebtedness. By the terms of the mortgage the mortgagee was authorized to pay any taxes and assessments whereof the owners had defaulted in payment, and there was a further provision that the amount so paid, with inter- est thereon, "shall be deemed a part of the principal sum, and secured by these presents." In December, 1899, the plaintiffs, who owned the mortgage by assignment, paid overdue taxes levied upon the premises amounting to $25,118.05, and on the 27th day of January following Mr. Marshall paid to the plaintiffs one-half the amount then unpaid on the mortgage and of the taxes unpaid by them, and the· plaintiffs executed and delivered to him an instrument in writing re-

leasing from the lien of the mortgage the undivided one-half of the premises owned by him. This action is against his co-tenant to recover the balance unpaid upon the mortgage, including the one-half of the taxes remaining unpaid to the plaintiffs, and the whole amount found due is $41,800.89.

The defendant contends that the plaintiffs had no power to relinquish the undivided interest of the lands from the operation of the mortgage; that by carving out an undivided moiety of the premises its half remaining will sell for less, proportionately, than if the lands were sold as an entirety; and this release therefore amounted to an alteration in the situation to its detriment. Marshall gave no bond, and hence was not personally liable for the mortgage debt, and consequently his grantee, by its assumption of payment, incurred no charge beyond the land itself (Vrooman v. Turner, 69 N. Y. 280; Carter v. Holahan, 92 N. Y. 498, 504), but the effect of its covenant was to make its interest burdened with the payment of one-half of the incumbrance. As between the parties to the conveyance, it was a distinct division, tantamount to an appropriation of the land to meet a specific part of the mortgage, and a severance of interest in the premises by the parties in their provision for its payment and discharge. There was no restriction upon either party as to the time of payment. The security company was not obliged to await the convenience or ability of its co-tenant. If it paid, and the holders of the mortgage were willing to make effectual the agreement of these owners by releasing its land, the delinquent ought not to be heard to complain. The only effect of the covenant was that by paying a stipulated sum it was to be relieved of any further liability. The only way to make that fully effective was to have the premises of the party paying discharged of the lien. The only obstacle in the way would be the getting of the assent of the holders of the mortgage, which was given in this case. The security company is not being called upon in excess of its covenant. It confessedly agreed to pay. The fact that this covenant creates no personal liability does not alter its effect, as the parties liable have made the land the fund for payment in their own way as between themselves. The only remedy for defendant's omission to pay is to sell its interest in the premises which is made specifically chargeable. It would not be just, and would not be conformable to the agreement of these parties, to sell the land of the co-tenant, who has fully complied with his obligation. If Marshall had paid the entire mortgage, he would have been subrogated to the rights of the plaintiffs. This would have enabled him to seek reimbursement for the excess he had paid, not against his own property, for the payment extinguished the lien to that extent, but to enforce it like a claim for contribution against his defaulting co-owner. If there had been no release, it would not have been an improvident exercise of discretion in the court to have directed the undivided property of the security company to be first sold, unless that course would operate to the prejudice of the plaintiffs. Marshall had paid his aliquot portion, and the court would intervene to relieve him from further payment so far as compatible

with the rights of the plaintiffs. This intervention by the court would be justified by the assumption of payment.

The authorities relied upon by the appellants are not akin to this case. To be sure, it is a general rule that, where land owned by various tenants in common is wholly pledged for a mortgage debt, the individual interests will not be sold separately. That principle is for the protection of the mortgagee. In this case the rule is invoked to protect a mortgage debtor who has disregarded his express covenant to pay. The payment by Marshall, and the consequent release by the assignees of the mortgagee, did not alter the original mortgage or the undertaking of the security company. As between Marshall and that company, the sum to be paid by them respectively was fixed and definite. When either paid, the other ought not to be allowed to intervene to prevent his discharge. In Calvo v. Davies, 73 N. Y. 211, the purchaser who assumed the payment of the bond and mortgage entered into an agreement with the mortgagee whereby the time of payment was extended. This was without the knowledge of the mortgagor, and it was held he was discharged from liability on his bond when it was sought to hold him for deficiency. He was a surety for his grantee, and, of course, an alteration of his contract released him. In Paine v. Jones, 76 N. Y. 274, the mortgage provided for a release of any part of the mortgaged premises, at the election of the mortgagor, upon payment of a stipulated sum per acre. His grantee, who had assumed the mortgage debt, caused the privilege to be stricken from the mortgage by agreement with the holders thereof, and it was held to be a change in the contract discharging the surety. These and many kindred cases cited by the counsel for the appellant are based upon a change in the situation of the surety to the property without his knowledge. In the first place, that relationship did not exist between Marshall and the company. Had the former been personally liable for the debt, the assumption of its payment by the company would have made it the principal debtor. Bowne v. Lynde, 91 N. Y. 92; Comstock v. Drohan, 71 N. Y. 9. As the land was the only fund chargeable with the payment of the debt, the assumption operated to fix the amount which the security company must pay, and set apart its land to meet that burden. This division created no interdependent relation between these parties which made Marshall the principal and the company the surety. Probably the contract could not be altered to the prejudice of either one, and certainly the plaintiffs did not do so when they recognized the separation of the interests which the debtors themselves had made. The judgment provides for the recovery of a deficiency against the security company. Confessedly, this was error, and was so stipulated on the argument.

The judgment is modified by striking that portion therefrom which seeks to hold the appellant for any deficiency which may arise, and, as so modified, it is affirmed, without costs of this appeal to either party. All concur.