RICHMOND P. PRATT, Plaintiff, *v.* FLORA E. FAY and Others, Defendants.

(Supreme Court, Monroe Special Term, November, 1916.)

Judgments — entry of — foreclosure of mortgage — default — when opened.

> A grantee who in the conveyance to him has assumed and agreed to pay a mortgage debt which his grantor was not liable to pay, the grantor not having agreed to pay it in the conveyance made to him, is not liable for a deficiency on a foreclosure of the mortgage.
>
> Where a deficiency judgment has been entered by default under such circumstances through the mistake and neglect of the defendant to contest the matter, the judgment of foreclosure may be opened and the defendant allowed to defend upon suitable terms where the plaintiff is not willing to cancel the deficiency judgment.

(Syllabus by the court.)

MOTION to vacate a judgment for deficiency against defendant Dora Lawrence by default.

O'Brien & Powell (Richard R. B. Powell, of counsel), for defendant Lawrence, for motion.

Willis C. Ellis, for plaintiff, opposed.

RODENBECK, J. A deficiency judgment in foreclosure has been taken against the defendant Dora Law-

rence. She purchased the premises foreclosed and assumed and agreed to pay the mortgage foreclosed, but her grantor purchased the property without assuming or agreeing to pay the mortgage debt and she now claims that there is no legal warrant for the judgment for deficiency which has been taken against her and which she alleges was taken by default under a mistake and under the assumption that no judgment would be taken against her. She asks to have the judgment modified and for such other relief as the court may deem proper.

The rule in this state is well settled that the liability of her grantor for the mortgage debt was essential to the creation of any liability on her part. *Vrooman* v. *Turner,* 69 N. Y. 280; *Wager* v. *Link,* 134 id. 122; 150 id. 549; *Clinton* v. *Buffalo Land Security Co.,* 55 App. Div. 440; *Williams* v. *Van Geison,* 76 id. 592; *Jenkins* v. *Bishop,* 136 id. 104. There is no doubt that the general rule is that the assumption of a mortgage in a deed and an agreement to pay the mortgage debt does not render the grantee personally liable for the mortgage debt unless the grantor was himself so liable when the deed was given. *Williams* v. *Van Geison,* 76 App. Div. 592, 596. This rule rests upon the principle that where the grantor is not bound there is no basis for the promise of the grantee and the mortgagee can take no advantage of the promise. *Vrooman* v. *Turner,* 69 N. Y. 280, 284. There being no liability on the part of the defendant Dora Lawrence, no deficiency judgment should have been entered against her and she should be relieved therefrom.

Not having appeared in the action she was not in a position to appeal from the judgment and her only recourse was a motion to vacate the judgment for mistake or excusable neglect. The matter complained

of was not an irregularity available by motion under section 1272 of the Code of Civil Procedure or an error in fact arising upon the trial available under section 1283, but plaintiff may secure the necessary relief under section 724 of the Code which authorizes the court in its discretion upon such terms as justice requires at any time within one year after notice thereof to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect.

The situation in this case arises not from any irregularity in entering the judgment or for any error in fact arising upon the trial but by reason of the failure of the defendant to appear and try out the issue of her liability. In such a case the judgment cannot be corrected by striking the deficiency judgment from the record, but the default may be opened. *De Lavalette* v. *Wendt,* 75 N. Y. 579; *Corn Exchange Bank* v. *Blye,* 119 id. 414; *Leonard* v. *Columbia Steam Navigation Co.,* 84 id. 48. An order is granted opening the default of the defendant upon the payment by the defendant of motion costs and the taxable costs of the action or canceling the deficiency judgment by filing a satisfaction piece of the judgment upon the payment by the defendant of motion costs at the option of the plaintiff to be exercised within thirty days from the service of an order in accordance herewith.

Ordered accordingly.