Jbvbstg Youxgee, J.
This ease, tried with great professional competence in Small Claims Court, raises the interesting question under what circumstances a bank will be permitted to avoid a receipted deposit slip issued to its customer in due course.
Plaintiff maintains a checking account at one of defendant’s branch offices. On September 3, 1970, he .appeared at the counter and handed to the teller his salary check in the amount of $354.49 and a deposit slip for $350. He received back from the teller the receipted customer’s copy of the deposit .slip. In addition, plaintiff testified, the teller gave him $4.49 in cash, representing the difference between his salary check and the deposit. The bank thereafter credited his account with only $35, whereupon plaintiff commenced this action for $300 (waiving the balance of $15 in exchange for the convenience of the Small Claims forum.)
Defendant’s witnesses .said, in substance, that plaintiff’s deposit slip was indeed for $350 and that plaintiff’s receipted customer’s copy reflects a deposit of $350. But, these witnesses continued, the third or teller’s copy of the deposit slip, which is the one on which the teller notes for his and the bank’s own use the details of the transaction, indicates that the teller actually treated this as a deposit of $35, returning to the customer not $4.49 but $319.49 in cash. The teller testified that she discovered the error when she ran her summary at the end of the day. She reported the matter to her superiors, who immediately called plaintiff. At their request, plaintiff returned to the bank and discussed the matter with them. Although the evidence dealing with that conference is somewhat cloudy (perhaps due to plaintiff’s less than perfect command of spoken English), I find that at all times plaintiff has asserted the position he takes here — that he received from the teller only $4.49 in cash — and that nothing occurred during the conference from which one might infer that plaintiff was not telling the truth.
And so the question: what is the significance of the bank’s receipted deposit slip? Neither the Uniform 'Commercial Code nor any decision supplies a direct answer. It appears to me, however, that two considerations suggest what the answer should be. First. If commerce is to proceed smoothly, a bank’s customer must be able to rely upon the accuracy and definitiveness of the bank’s record of his transactions, especially where, as here, the record is put in his hands for no other reason than to be the customer’s permanent memorandum of the transac *152 tion. (Cf. Jermain v. Denniston, 6 N. Y. 275, 277.) Second. The proof adduced by the bank to avoid its receipt is evidence exclusively of the bank’s internal bookkeeping entries. There is no suggestion that the teller’s copy of plaintiff’s deposit slip was prepared by plaintiff, acknowledged by him, or even seen by him until the conference with the bank officers later that day. In sum, plaintiff is not chargeable with knowledge of or assent to the details of the transaction which appear on the teller’s copy of the deposit slip.
I am aware that the parol evidence rule permits the varying of a receipt by extraneous evidence. (De Lavallette v. Wendt, 75 N. Y. 579; Klein v. Metropolitan Life Ins. Co., 255 App. Div. 335.) Nonetheless, I am led by the considerations just stated to conclude that when a bank seeks by parol evidence -to avoid or vary a customer’s receipted deposit slip, the burden should be on the bank to prove not only (1) that in fact the .receipt is incorrect, but also (2) that in fact the customer has benefited by the error. The bank’s customer should enjoy the repose of finality so long as he is not thereby unjustly enriched. Hence I hold that the second test must be applied along with the first in determining who should bear the consequences of the bank’s mistake.
In this case, while I am prepared to find that the receipt was incorrect, I cannot say that I am convinced that plaintiff has benefited by the error. Plaintiff’s testimony and demeanor struck me as truthful; no witness testified that he saw the plaintiff given $319.49 rather than $4.49; and it is as likely as not that the sum in dispute went into the pocket of some person other than this plaintiff and this defendant. I hold, therefore, that defendant has failed to carry its burden of proof, and direct judgment to be entered for plaintiff in the sum of $300, with interest from September 3, 1970.