OPINION OF THE COURT
William H. Pohlmann, J.
The sole issue in this case is whether the defendant has rebutted the dollar figures on a receipted deposit slip issued in the normal course of banking business to plaintiff, Michael Lancellotti, one of its customers.
CONFLICTING CLAIMS
Plaintiff maintains a joint checking account at the Ardsley branch of the Bank of New York. On February 28, 1983 he handed a teller at defendant bank two checks totaling $870.13 (one amounting to $572, and the other $298.13) and a deposit slip which he prepared. The plaintiff testified that he sought to cash the $298.13 check, receiving $60 in cash and depositing the remainder of that check in addition to the entire amount of the $572 check for a total deposit of $810.13. The afore-mentioned deposit slip showed a $238.13 sum in the cash column, and $572 in the column for checks for a total deposit of $810.13. The receipted bank deposit slip indicates a total deposit of $810.13 with cash constituting $238.13 of that sum. The plaintiff then left the bank with the deposit slip and $60 in *641 cash. Sometime thereafter plaintiff received a document from the defendant bank changing the deposit from $810.13 to $536.26 and charging his account and plaintiff then commenced this action on March 24, 1983.
Defendant’s sole witness, the bank teller, testified that she had indeed made an error. Instead of depositing the $572 check and cashing the $298.13 check, as sought by plaintiff, of which $238.13 would support the cash deposit of that same amount and giving the plaintiff the $60 difference in cash, she cashed the $572 check. $238.13 of that $572 check supported the plaintiff’s cash deposit of that amount with the remaining $333.87 being paid out in cash -presumably to plaintiff. Since the teller did not change the $572 check deposit, it is the defendant’s claim that the plaintiff, in effect, received the benefit of two $572 checks, not two checks totaling $870.13 ($572 and $298.13). The defendant’s teller testified that she did not realize her error until thereafter notified by the auditing department. She was able to “prove out” at the end of the day since that internal banking process merely required the teller to account for the cash handled and her tape revealed an apparent pay out of $333.87 on this transaction. In reaching a determination of the conflicting claims in this matter it is necessary to first consider the legal significance of the bank’s receipted deposit slip.
THE APPLICABLE LAW
At the outset, this court notes the paucity of reported cases involving the situation as here presented. Indeed, considering the multitude of deposit transactions that occur daily in our banking institutions throughout the State one would have thought that the very fact pattern in the case at bar would have been resolved by either article 4 of the Uniform Commercial Code relating to bank deposits, or discussed many times in legal opinions. This is not so.
To be sure, if modern day banking transactions are to be expeditiously handled, a bank’s customer should, generally speaking, be able to rely upon, as one Judge described it, “the accuracy and definitiveness of the bank’s record of his transactions, especiálly where * * * the record [receipted deposit slip] is put in his hands for no other reason than to be the customer’s permanent memorandum of the transac *642 tion”. (Jiang v First Nat. City Bank, 65 Misc 2d 150, 151-152.) Accordingly, deposit slips are in the nature of prima facie (but not conclusive) proof of the matters recited therein. The renown legal treatise and compilation of law, Corpus Juris Secundum, states the following with respect to deposit slips (9 CJS, Banks and Banking, § 270, p 552): “A deposit slip is a mere acknowledgment by the bank that the amount named has been received, and an indication of the customer’s purpose to make a deposit. While such slip constitutes an admission by the bank that the relation of debtor and creditor has been created, and furnishes evidence of the date and amount of deposit, it is not conclusive, and the true state of the accounts and not the deposit slip or bank entry determines the rights of the parties”.
While the parol evidence rule permits an explanation or varying of a deposit slip by either the bank or the depositor (De Lavallette v Wendt, 75 NY 579; Klein v Metropolitan Life Ins. Co., 255 App Div 335; Ann., 42 ALR2d 600, 604), there is a certain burden which the bank must satisfy when it seeks to do so.
In the only analogous case which the court has found, Jiang v First Nat. City Bank (supra), Judge Irving Younger, then sitting in the Small Claims Part of the Civil Court of the City of New York, wrote (at p 152): “[W]hen a bank seeks by parol evidence to avoid or vary a customer’s receipted deposit slip, the burden should be on the bank to prove not only (1) that in fact the receipt is incorrect, but also (2) that in fact the customer has benefited by the error. The bank’s customer should enjoy the repose of finality so long as he is not thereby unjustly enriched.” (To the same effect, see Menthor v Swiss Bank Corp., 549 F Supp 1125, 1133.)
CONCLUSION
In applying the afore-mentioned principles of law to this case, this court is constrained to find that while there may indeed have been an error in the receipted deposit slip furnished to plaintiff, the defendant bank did not bear its burden of proving that it was the plaintiff, Michael Lancellotti, which benefited from the mistake by the defendant bank’s teller. As candid and as truthful as this court finds the testimony of the bank’s teller, so too, does the testi *643 mony and demeanor of the plaintiff strike the court as equally truthful. The daily internal tape submitted by the bank to show that in point of fact $333.87 in bills and coins was paid out, does not establish that it was the plaintiff that received such currency. Indeed, given the fact that this transaction occurred during the busy noontime hour, it is as likely as not that the sum in dispute went into the pocket of some person other than this plaintiff. In further support of this conclusion, the court note's the bank’s own document wherein the bank notified its depositor that it was unilaterally altering his deposit at variance with the receipted deposit slip previously given to him. On such document the bank, in describing the reason for its change in plaintiff’s deposit, indicated that the bank was “unable to identify error”. Clearly, the bank has not carried its burden of proof.
The court directs that judgment be entered in the sum sued for, $228.87 (albeit less than the difference between the $810.13 receipted bank deposit and the $536.26 sum which the bank unilaterally set as the corrected deposit of plaintiff) with costs and interest from February 28, 1983.
The court does hereby apprise the parties of their right to appeal this decision and judgment in accordance with UJCA 1807.