OPINION OF THE COURT
David B. Saxe, J.
Although Citibank widely and loudly proclaims through its slogan, “The Citi never sleeps”, its deep involvement and abiding concern in the personal banking affairs of its customers, in this case, however, it appears that the Citi took a nap.
This proceeding was started by the plaintiff to recover the sum of $1,192.25, an amount allegedly deposited to plaintiff’s checking account with Citibank. The bank contends that the plaintiff’s deposit slip is not a valid receipt and refuses to credit her account with that amount.
The facts are these: On December 27, 1982, plaintiff, a bookkeeper, went to Citibank’s Canal Street branch to make a personal deposit. The lines were long and she waited for about 15 minutes before she reached a teller to whom she presented a precoded deposit slip, seven checks and $1,000 in cash. The teller examined the deposit, then returned the cash, checks and deposit receipt to the plaintiff who was informed that since some of the checks were *663 two-party items, they would have to be approved by the bank’s customer service department before they would be accepted for deposit.
Plaintiff maintains that after customer service approved the checks she returned to the teller, completed the transaction and received a stamped deposit slip.
At trial, teller McKeon testified that she recalled the plaintiff presenting her with the deposit and that she instructed her to get further approval. In addition, she recalls she circled the sum of $1,000 on the deposit receipt. The teller does not remember the depositor returning to her window. It is hard to believe that a teller could have a recollection of a singular banking transaction on a busy banking day, two days after Christmas and approximately seven months before a suit was started. Accordingly, I find the teller’s testimony not credible in this regard.
The deposit receipt which plaintiff contends was stamped by the teller has $1,000 circled and bears only a date stamp. According to the defendant, a deposit slip, processed by their bank, is stamped by either a Simplex machine or a UTS machine. Both machines imprint more information than appears on plaintiff’s receipt. Generally, the teller and branch numbers appear on a stamped deposit slip. They did not, on this deposit slip. However, it is possible for the Simplex machine to imprint the date alone should the teller remove a “key” from the machine.
It is the position of Citibank that without the branch and teller numbers the deposit slip is not a valid receipt. To further complicate matters, the checks allegedly deposited by plaintiff were never presented for payment to the drawee bank. Accordingly, the checks which would have supported plaintiff’s position are not available.
The deposit slip is prima facie evidence that the bank received the sum stated on the receipt (9 NY Jur 2d, Banks, § 233). In Jiang v First Nat. City Bank (65 Misc 2d 150), Judge Irving Younger discusses the significance of a bank’s deposit receipt. “If commerce is to proceed smoothly, a bank’s customer must be able to rely upon the accuracy and definitiveness of the bank’s record of his transactions, especially where, as here, the record is put in his hands for no other reason than to be the customer’s permanent *664 memorandum of the transaction.” (65 Misc 2d, at pp 151-152.) To initially place the burden upon the customer to establish the validity of a receipt would deter individuals from entrusting their assets to a bank.
In this case, the bank contends the burden should be on the depositor to prove that the receipt meets the bank’s requirements. If the bank wishes to shift the burden on to the customer, then the bank must establish that the customer was put on notice to check the slip for the required information. No effort was made by the bank to apprise customers of this responsibility.
Furthermore, defendant has failed to convince this court that the stamp on plaintiff’s receipt was not made by their machine. No expert testimony was offered to analyze the stamp or the type of machine that would make such a stamp.
Accordingly, based upon the testimony and credible evidence introduced at trial, the court finds that the plaintiff has sustained her burden of proof and awards judgment in her favor for $1,192.25 with costs and interest.