OPINION OF THE COURT
Michael F. McKeon, J.
This small claims action arose as the result of a mistake in addition during a routine bank deposit. Plaintiff opened a savings account at defendant bank with the deposit of a number of checks on September 11, 2003. Defendant credited plaintiffs account and returned a validated deposit slip. Both parties totaled the instruments at the time of the deposit.
*920 On the same day, defendant issued notice to plaintiff that her account had been charged back $400 due to a mathematical error on the deposit slip. Plaintiff now sues to recover that amount, claiming that defendant had lost a $400 tax rebate check issued by the IRS.
It is a long established principle that a deposit receipt is not a negotiable instrument, but merely a receipt memorializing a transaction. (Terrasi v Manufacturers Trust Co., 121 NYS2d 242, 245 [1953].) For this reason, article 4 of the Uniform Commercial Code does not control. It is also generally accepted that a party questioning a bank deposit slip bears the burden of proof. (See, e.g., 9 NY Jur 2d, Banks and Financial Institutions § 233; Jiang v First Natl. City Bank, 65 Misc 2d 150 [1970].)
According to Terrasi, a deposit ticket, being merely a receipt and not a binding contract, is therefore open to explanation. Only a presumption of accuracy exists and the bank is free to reopen the account to examine for correctness at any time. Terrasi also notes that an account becomes “stated” after a reasonable amount of time, becoming binding on both parties absent any fraud, mistake, or other equitable consideration. (Id. at 245-246.) Here, due to the mistake, defendant enjoyed full rights to examine and correct plaintiffs deposit. Furthermore, defendant immediately moved to correct the error and notice was dispatched to plaintiff on the same day.
In the absence of damages, plaintiff may not automatically recover on a theory of negligence, as there is no presumption of actual damage. (Id. at 247, citing National Sur. Co. v President & Directors of Manhattan Co., 252 NY 247 [1929].) Plaintiff here cannot show prejudice or impairment of rights, nor inability to recover from a third party due to defendant’s error.
Finally, by not producing a copy of the tax rebate check, plaintiff has failed to satisfy her burden of proof of its existence. Accordingly, plaintiffs claim is hereby dismissed.